FILED IN CHAMBERS
U.S.D.C.  Atlanta

JAN 2 3 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | :: | CRIMINAL ACTION NO. |
| | :: | 1:92-CR-438-JEC |
| v. | :: | |
| | :: | |
| STANLEY B. JACKSON, | :: | POST-JUDGMENT MOTION |
| Inmate # BOP Reg. 43178-019, | :: | FED. R. CIV. P. 60(b) |
| Defendant. | :: | |

## ORDER AND OPINION

Movant, a federal prisoner, seeks relief from his 1993 conviction and sentence in this Court.  Now before the Court are Movant's Fed. R. Civ. P. 60(b)(6) Motion [147], the Government's Response [151], and Movant's Reply [152].

## I. PROCEDURAL HISTORY

A jury convicted Movant of two firearms violations, and this Court sentenced him to two concurrent 293-month terms of imprisonment.  (Jury Verdict [48], May 5, 1993; J. [65], Sept. 9, 1993; see Rule 60(b)(6) Mot. [147] at 2.)  The Eleventh Circuit affirmed Movant's convictions and sentences on appeal.  United States v. Jackson, 57 F.3d 1012, 1017-19 (11th Cir. 1995) (rejecting Movant's claims that this Court erroneously enhanced his sentence pursuant to (a) U.S.S.G. § 4B1.4, based on his status as an armed career criminal, and (b) U.S.S.G. § 4A1.3, based on his 1984 Texas assault conviction).  Since then, Movant has filed the equivalent of four 28 U.S.C.

AO 72A
(Rev.8/82)

§ 2255 motions to vacate his sentence [70, 91, 104, 108], all of which this Court has denied, the last three as impermissibly second or successive [76, 98, 106, 109].

On July 25, 2007, Movant executed the instant Rule 60(b)(6) motion, *pro se*, claiming that (1) this Court erred when, without subject matter jurisdiction, it enhanced his sentence by ninety instead of twenty-four months, pursuant to U.S.S.G. § 4A1.3, and, therefore, he is actually innocent of this excessive enhancement; and (2) this Court lacked jurisdiction to impose sentence upon him because the indictment against him was void for failure to allege essential elements of the crime charged therein – namely, the make and model of the firearm he was accused of possessing and the mens rea element of the crime – or, in the alternative, because the Court constructively amended the indictment in its charge to the jury. (Rule 60(b) Mot. [147] at 4-16). The Government responds that Movant's Rule 60(b) motion is, in reality, another impermissibly second or successive § 2255 motion, which Movant filed without the requisite authorization from the Eleventh Circuit, and which, therefore, this Court must dismiss for lack of jurisdiction. (Resp. [151] at 4-7.) Movant replies that the instant Rule 60(b) motion should not be construed as a second or successive § 2255 motion because he is challenging herein the jurisdiction of this Court to convict and sentence him, and asserting claims that may not be barred due to

2

either procedural default or untimeliness and, therefore, may be raised at any time via any means available, including a Rule 60(b) motion.  (Reply [152] at 1-7.)

## II. DISCUSSION

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255 ¶ 1.  A federal prisoner may not, however, seek relief from a conviction or sentence via Fed. R. Civ. P. 60(b).  See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir.1998) (holding that defendant could not challenge criminal forfeiture order via Rule 60(b) because "Rule 60(b) simply does not provide for relief from judgment in a criminal case").  Moreover, once a federal prisoner has filed a § 2255 motion that has been adjudicated on the merits, he may not file a second or successive such motion without first obtaining authorization from the appropriate United States Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A), § 2255 ¶ 8.  See also Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999).

AO 72A
(Rev.8/82)

It is apparent from the foregoing that Movant has attempted to circumvent the restrictions on filing a second or successive § 2255 motion by filing a Rule 60(b) motion instead.  However, as noted above, a federal prisoner may not challenge a conviction or sentence via Rule 60(b).  See Mosavi, 138 F.3d at 1366.  Therefore, the instant pleading must be construed as a § 2255 motion, which motion is impermissibly second or successive because there is no indication that Movant has obtained the Eleventh Circuit's authorization to file it.  Accordingly, this Court lacks jurisdiction to consider the motion.  See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004).

## III. CONCLUSION

For the foregoing reasons, Movant's Rule 60(b)(6) Motion [147], construed as an impermissibly second or successive 28 U.S.C. § 2255 motion to vacate sentence, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED** this _22_ day of _January_ , 2008.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)